# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-2322V

JUDY JASPER,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: October 12, 2023

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Emily H. Manoso, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On December 22, 2021, Judy Jasper filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that was administered on October 18, 2019.[3] Ex. 1 at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 25, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 12, 2023, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The petition incorrectly listed the date of vaccination as October 8, 2019. Petition at 1.

**Pursuant to the terms stated in the attached Proffer, I award the following:**

A. **A lump sum payment of $225,377.85 (representing $225,000.00 for pain and suffering, and $377.85 for out-of-pocket medical and related expenses) in the form of a check payable to Petitioner.**

B. **A lump sum payment of $19,305.36, representing compensation for satisfaction of the State of Kentucky Medicaid lien, in the form of a check payable jointly to Petitioner and:**

**Anthem Medicaid**
**P.O. Box 659940**
**San Antonio, TX 78265-9939**
**File No. 115946908**

**Petitioner agrees to endorse the check to Anthem Medicaid and forward it to Anthem Medicaid for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| | ) | |
| JUDY JASPER, | ) | |
| | ) | |
| Petitioner, | ) | No. 21-2322V   ECF |
| | ) | |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## REVISED PROFFER ON AWARD OF COMPENSATION[1]

On December 22, 2021, Judy Jasper ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  She alleges that, as a result of receiving the influenza vaccine on October 8, 2019, she suffered from Guillain-Barre Syndrome (GBS).  *See* Petition at 1,6.  On January 24, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe.  ECF No. 31.  On January 25, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.

### A.  Items of Compensation

#### a.  Pain and Suffering

Respondent proffers that petitioner should be awarded $225,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

b. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $377.85. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

c. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Kentucky Medicaid lien in the amount of $19,305.36, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Kentucky may have against any individual as a result of any Medicaid payments the State of Kentucky has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 8, 2019 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**B. Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

A. A lump sum payment of **$225,377.85** in the form of a check payable to petitioner; and

B. A lump sum payment of **$19,305.36**, representing compensation for satisfaction of the State of Kentucky Medicaid lien, in the form of a check payable jointly to petitioner and:

Anthem Medicaid
P.O. Box 659940
San Antonio TX 78265-9939
File No. 115946908

Petitioner agrees to endorse the check to Anthem Medicaid and forward it to Anthem Medicaid

for satisfaction of the Medicaid lien.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*/s/Emily H. Manoso*
EMILY H. MANOSO
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3912
Email: Emily.H.Manoso@usdoj.gov

Dated: October 12, 2023

3